IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY TORREZ, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1303-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Roy Torrez, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged with aggravated robbery. After rejecting a 59-year plea offer, petitioner entered an open plea of guilty and pled true to two enhancement paragraphs alleged in the indictment. The trial court found petitioner guilty and sentenced him to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Torrez v. State*, No. 05-01-01380-CR (Tex. App.--Dallas, Jun. 4, 2003, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Torrez*, No. 60,642-01 (Tex. Crim. App. Apr. 6, 2005). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) mistakenly believed that probation and SAFP were available

sentencing options; (2) allowed petitioner to plead guilty even though he had limited recollection of the crime, and (3) failed to object to the introduction of certain evidence at the punishment hearing.[1]

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). That right is denied when the performance of counsel falls below an objective standard of reasonable professional assistance and thereby prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2068. *See also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was fundamentally unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] Respondent argues that some of these claims were never presented to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. (*See* Resp. Ans. at 3-5). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because petitioner is not entitled to relief in any event, the court will address his claims on the merits.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that his attorney induced him to plead guilty by misrepresenting that probation and confinement in a Substance Abuse Felony Program ("SAFP") were available sentencing options. This claim implicates the validity of petitioner's guilty plea and must be addressed at the outset.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. art. 26.13.[2]

2.

The record shows that petitioner was properly admonished in accordance with article 26.13. At a plea hearing held on August 6, 2001, the trial judge read the indictment in open court and told petitioner that the range of punishment for aggravated robbery, enhanced by two prior felony convictions, is not less than 25 years nor more than 99 years or life imprisonment. (SF-II at 4-5). Petitioner indicated that he understood his rights, the consequences of his plea, and the potential risks involved. (*See id*. at 5-7). The state introduced petitioner's judicial confession admitting the elements of the offense. (St. Hab. Tr. at 50). Based on his confession and sworn testimony, the judge found that petitioner committed the offense charged in the indictment and the prior offenses alleged in the enhancement paragraphs. However, the judge deferred an adjudication of guilt

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon 1989). It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002).

pending the preparation of a presentence report. (SF-II at 13).

A punishment hearing was held on August 10, 2001. At that hearing, the court heard from Alimayehu Gedafi, the robbery victim, and Paul Montilongo, the victim of a prior robbery committed by petitioner. Gedafi testified that petitioner entered his convenience store, threatened him with a knife, and forced him to open the cash register. Before petitioner left the store with money, he stabbed Gedafi in the back. (SF-III at 6-8). Montilongo testified that petitioner robbed his family's Pizza Hut restaurant in 1991. During the robbery, petitioner pointed a gun at Montilongo's brother and attempted to fire the weapon. (*Id.* at 9-13). Petitioner also testified at the punishment hearing. He admitted to having a drug problem and asked the judge to send him to SAFP or "any drug program whatsoever at all." (*Id.* at 17). The judge rejected that request and sentenced petitioner to life imprisonment. (*Id.* at 22).

In an affidavit filed with the state habeas court, defense counsel explained that he had numerous discussions with petitioner about his guilty plea and potential punishment. According to counsel, petitioner repeatedly said he did not want a trial. Nor was petitioner willing to accept the state's 59-year plea offer. Counsel told petitioner his only other option was to enter an open plea and ask the court to consider probation and drug treatment or some lesser sentence. According to counsel, "Mr. Torrez [ ] knew that even though it was a long shot, an open plea was the only way that Judge Nelms could consider putting him on probation and into drug treatment." (St. Hab. Tr. at 39). Although petitioner now believes that SAFP and probation were not available sentencing options, he is mistaken. Texas law authorizes a judge to defer an adjudication of guilt and place a defendant on community supervision, including a term of confinement in a substance abuse treatment facility

operated by the TDCJ, upon a plea of guilty or nolo contendere. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(a) & 14 (Vernon Supp. 2005). The state habeas court implicitly recognized the availability of SAFP as a sentencing option by finding that petitioner "was in no way denied his right to effective assistance of counsel at trial." (St. Hab. Tr. at 31). Petitioner has failed to rebut that finding by clear and convincing evidence.

It is apparent from the record that petitioner wanted to avoid a trial at all costs. Having rejected the state's offer of 59 years in prison, his only other option was to enter an open plea and ask the court for probation and drug treatment. Petitioner's belated attempt to second-guess his decision with self-serving, uncorroborated allegations does not vitiate his otherwise knowing and voluntary guilty plea. *See Vidal v. Cockrell*, No. 3-02-CV-1062-M, 2003 WL 21448365 at *4-5 (N.D. Tex. May 15, 2003). This ground for relief is without merit and should be overruled.

C.

Petitioner also contends that counsel was ineffective for allowing him to plead guilty even though he had limited recollection of the crime and for failing to object to the prejudicial testimony of Paul Montilongo at the sentencing hearing. The first claim is waived by petitioner's voluntary guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000) (voluntary guilty plea waives ineffective assistance of counsel claim that does not implicate validity of plea itself). The second claim fails on the merits. Under Texas law, both the state and the defendant may offer evidence "as to the prior criminal record of the defendant, his general reputation and his character" during the punishment phase of a non-capital case. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon 1981).[3] Any objection to Montilongo's testimony about

---

[3] Effective September 1, 2001, article 37.07 was amended to allow the state and the defendant to offer evidence "as to any matter the court deems relevant to sentencing[.]" *See* Sec. 3(a), *amended by* Acts 2001, 77th Leg., ch. 585, § 1. However, the prior version of the statute was in effect when petitioner was sentenced on August 10, 2001.

the prior robbery committed by petitioner would have been futile. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 115 S.Ct. 432 (1994) (counsel not required to make meritless objections).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE